**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrance Robinson,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-20-02365-PHX-DWL (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT COURT JUDGE:

　　　On November 25, 2020, Petitioner, who is confined in the Arizona State Prison, Santa Rita Unit, Tucson, Arizona filed a document entitled "Post-Conviction Rule 32," in which he requested habeas relief.[1] (Doc. 1.) On December 11, 2020 the Court screened Petitioner's motion, construing it as a petition for writ of habeas corpus, and dismissed the petition for failing to include an application to proceed in forma pauperis, and for failing to use the court-approved form for the writ, and granted Petitioner leave to amend. (Doc. 3.) Thereafter, Petitioner filed an Amended Petition for Writ of Habeas Corpus. (Doc. 4.) The Court screened the Amended Petition on March 31, 2021, dismissed counts two and three of the petition and ordered Respondents to answer to counts one and four. (Doc. 14.)

---

[1] Although Petitioner's filing was docketed on December 7, 2020, Petitioner placed his document in the mail for filing on November 25, 2020. See, Huizar v. Cary, 273 F.3d 1220, 1223 (9th Cir. 2001) (applying "prison mailbox rule" in construing filing date).

On April 22, 2021, Respondents filed a Limited Answer. (Doc. 17.) Petitioner did not file a Reply.

**STATE PROCEDURAL BACKGROUND**

On July 24, 2009, Petitioner was indicted by a State of Arizona Grand Jury, along with two co-defendants on five felony counts: First Degree Murder, a Class 1 Dangerous Felony (count 1); Burglary in the First Degree, a class 3 dangerous felony (count 2); Kidnapping, a class 2 dangerous felony (counts 3 and 4); and Aggravated Assault, a class 3 dangerous felony (count 5). (Doc. 17, Exh. B.) Petitioner later entered into a plea agreement with the state, in which he agreed to plead guilty to amended count five, Attempted Aggravated Assault, a class 4 non-dangerous felony, and count one as amended to Second-Degree Murder, a class 1 dangerous felony. (Id., Exh. C at 8; Exh. G at 19-21.) Petitioner agreed to be sentenced to an aggravated sentence of three-years on count 5, and a twenty-two-year sentence on count 1, and agreed that the sentences would run consecutively. (Id. at 18.)

During the plea hearing, the state placed on the record the facts supporting Petitioner's guilty plea:

> [O]n the early morning hours of July 16, 2009, Terrance Robinson, Willie Robinson, and Jonathan Tate went to 1621 West Denton Lane, Phoenix, Arizona, Maricopa County, and knocked on the door. Charles Moore resided at that apartment. That night, Mr. Moore had a friend over, that person was Mark Mitchell.
>
> Terrance Robinson, Willie Robinson and Johnathan Tate were allowed to come into the apartment. There was some yelling. Terrance Robinson, Willie Robinson and Johnathan Tate physically assaulted Charles Moore.
>
> One of them told Charles Moore and Mark Mitchell to get down on the floor of the apartment, in the living room. Charles Moore and Mark Mitchell did get down on the floor.
>
> At some point, while Mark Mitchell was down on the floor, Terrance Robinson and/or Jonathan Tate pointed a gun at Mark Mitchell. Subsequent to that, Terrance Robinson fired a number of shots striking and killing Charles Moore. Jonathan Tate also fired a number of shots as well. A total of

eight shots struck Mr. Charles Moore. [] [W]hile the gun was pointed at Mark Mitchell, the other victim in this case, he was in reasonable apprehension of fear for his life.

(Doc. 17, Exh. C at 52-53.)

On June 8, 2012, Petitioner was sentenced to consecutive terms totaling 25 years in prison. (Doc. 17, Exh. K at 2.) On August 1, 2012, Petitioner filed a Notice of Post-Conviction Relief, requesting that an attorney be appointed to represent him. (Id., Exh. D.) The trial court appointed counsel to represent Petitioner; however, that counsel subsequently filed a Notice of Completion of Post-Conviction Review, in which counsel asserted that he was unable to discern any colorable claim upon which to base a petition for post-conviction relief. (Id., Exhs. F, G.) Petitioner then filed a pro per Petition for Post-Conviction Relief, raising three issues: (1) did the trial court conduct a proper hearing on the waiver of right to counsel, in compliance with the constitutional requirements of Civ. R. 6.4(c), (2) was the trial court determination that the defendant had forfeited his right to counsel in violation of the Fifth, Sixth and Ninth Amendments to the Constitution, and (3) ineffective assistance of counsel. (Id., Exh. G at 1.) The state filed a response. (Id., Exh. H.) On May 14, 2014, the trial court summarily dismissed Petitioner's PCR petition, reasoning as follows:

> Defendant pled guilty to Second Degree Murder and Attempted Aggravated Assault with a stipulation to consecutive maximum sentences. Defendant's court-appointed PCR counsel filed a Notice of Completion after reviewing the record and finding no meritorious claim to present.
>
> Defendant claims that he was not sufficiently informed of his right to counsel; that the court violated his constitutional rights to counsel upon finding Defendant forfeited that right; and that his attorneys were ineffective. However, Defendant has not provided the legal authority and facts set forth in the court record to support any of these claims. Therefore, Defendant has failed to show any colorable claim.

(Doc. 17, Exh. I.)

\\\

On June 9, 2014, Petitioner filed a Petition for Review in the Arizona Court of Appeals, raising four issues: (1) did the trial court fail to conduct a proper Faretta colloquy with Petitioner, (2) was the trial court determination that the petitioner had forfeited his right to counsel a violation of the Fifth, Sixth and Ninth Amendments to the Constitution, (3) was the denial of DNA analysis of blood evidence requested by petitioner a violation of his right to present a defense, and (4) did the trial court unlawfully impose an enhanced sentence. (Doc. 17, Exh. J.) On March 16, 2016, the appellate court granted review, but denied relief, stating in pertinent part:

> We first reject Robinson's claim that the trial court violated his rights by denying his third request for new counsel, made on the day of trial. Robinson requested new counsel "[o]n or around" his trial date in 2009. New counsel was appointed and "on or around the final trial management conference," Robinson again sought new counsel, ultimately being assigned a new attorney. It was this attorney whom Robinson sought to remove on the date of trial. In support of his motion he contended he did not believe counsel was "competent enough or . . . diligent enough" to represent him and stated he was "uncomfortable with" the trial strategy counsel had adopted.
>
> [] On the record before us, Robinson's allegations did not rise to the level of an irreconcilable conflict requiring substitution of counsel, and the trial court did not err in denying his request for new counsel.
>
> Having concluded that the trial court properly denied Robinson's request for new counsel, we also reject his claim that his waiver of counsel was involuntary. The trial court determined Robinson did not suffer from mental health issues that would render him incompetent, determined Robinson was not taking medications, examined Robinson about his legal knowledge, explained the charges against Robinson and the possible sentences, and assigned counsel to continue in an advisory role. Under these circumstances, we cannot say the trial court erred in concluding Robinson voluntarily waived his right to counsel.
>
> Robinson also contends that he received ineffective assistance of counsel from appointed counsel before his waiver of his right to counsel. [] Robinson has provided no such allegation [of specific facts] or explained how counsel's purported "languid character" or failures to take various pretrial actions would have altered the outcome of his case or his decision to plead guilty. []
>
> Finally, we reject Robinson's claim that the trial court abused its discretion in dismissing his claim that he was improperly sentenced. He

>contends he "never waived his right to have a jury determine any aggravating factors." But Robinson's plea agreement stipulated to an aggravated term of three years' imprisonment on the attempted aggravated assault count, the maximum term of twenty-two years' imprisonment on the second-degree murder count, and that the terms would be served consecutively. The agreement further provided Robinson was "giving up phis] right . . .to a trial by jury to determine . . . any fact used to impose a sentence within the range stated above." His sentencing claim is thus directly refuted by the record.

(Doc. 17, Exh. K.)

Petitioner did not file a motion to reconsider or a petition for review in the Arizona Supreme Court and thus on April 26, 2016, the Arizona Court of Appeals issued its mandate. (Doc. 17, Exh. L.) More than four years later, on December 8, 2020, Petitioner filed a second Notice Requesting Post-Conviction Relief in the trial court, claiming that newly discovered material facts that would have changed the judgment or sentence, and asserting that the Notice was untimely because he is ignorant of the law. (Id., Exh. M.) On February 12, 2021, the trial court dismissed the Notice as untimely, as Petitioner failed to articulate any basis for the filing of a delayed petition pursuant to Rule 33, Arizona Rules of Criminal Procedure. (Id.) Petitioner did not file a petition for review of this ruling in the Arizona Court of Appeals. (Id., Exh. A.)

On November 25, 2020, Petitioner initiated habeas proceedings in this Court, and after curing several deficiencies, filed his amended habeas petition raising the following claims: (1) ineffective assistance of counsel, by failing to investigate, file motions, and test "Brady material," (2) newly discovered evidence – failure to suppress victim statement that were unduly suggestive, (3) prejudice and bias that "stereotyped" him to fit the crime and punishment, and (4) violation of the 14th Amendment, due process and equality of the law. (Doc. 4.) Respondents in their Answer assert that Petitioner's amended habeas petition is untimely, and in any event his claims are procedurally defaulted. (Doc. 17.)

\\\
\\\
\\\

**DISCUSSION**

I.  Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year statute of limitations period shall apply a petition for a writ of habeas corpus by a person in state custody. See, 18 U.S.C. § 2254(d)(1). The limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review becomes final. 18 U.S.C. § 2254(d)(1)(A); see Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The period of 'direct review' "includes the [90-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Post-conviction proceedings pursuant to Rule 33, Arizona Rules of Criminal Procedure, is a form of direct review for defendants who have pleaded guilty for purpose of determining the statute of limitations under § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 716-18 (9th Cir. 2007) (discussing former Arizona Rule 32, now Rule 33[2]).

The time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott, 304 F.3d at 921. A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petition is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id, at 414.

Petitioner's amended habeas petition is untimely by over three years. Petitioner was sentenced on June 8, 2012, and thereafter filed a timely notice of post-conviction relief. The post-conviction proceedings concluded 35 days after the Arizona Court of Appeals

---

[2] The Arizona Supreme Court amended the post-conviction relief rules, effective January 1, 2020. See, Ariz. Sup. Ct. Order R-19-002 (Aug. 29, 2019). The amendments "include[ed] a division of former Rule 32 into two new rules – Rule 32 and 33." State v. Ainsworth, 250 Ariz. 457, 480 P.3d 1274, 1276 (App. 2021). The new Rule 33 provides for post-conviction remedies to defendants who pleaded guilty. Ariz. R. Crim. P. 33.1.

denied his petition for review on March 16, 2016, that is, on April 20, 2016. See 28 U.S.C. § 2244(d)(1)(A) (providing that the AEDPA statute of limitations begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Thus, absent statutory tolling, Petitioner's statute of limitations expired on April 20, 2017.

Petitioner's second PCR Notice did not toll the statute of limitations, because the limitations period had already expired by over 3 years. See, Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed") (citation omitted). In any event, his second PCR proceeding did not toll the statute of limitations because the trial court ruled that it was untimely. Pace, 544 U.S. at 414. As Petitioner's second PCR Notice was dismissed as untimely, it was not "properly filed," nor "pending;" thus, Petitioner is not entitled to statutory tolling for the time that elapsed ruing the proceeding. Id. at 413.

The statute of limitations may be equitably tolled in a 2255 action if "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist." United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing Pace, 544 U.S. at 418 (2005)). The burden of establishing entitlement to equitable tolling is on Petitioner. Pace, 544 U.S. at 418. Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the petitioner's] the untimeliness." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (emphasis in original) (internal quotes and citation omitted).

Petitioner provides no basis in law or fact in his habeas petition to support the application of equitable tolling to his over three-and-a-half-year delay in initiating federal habeas proceedings, and in fact did not write anything on the § 2254 form explaining why the one-year statute of limitations does not bar his petition. (Doc. 4 at 11). And, Petitioner did not file a reply to Respondents' answer despite being given the opportunity to do so.

This Court finds that Petitioner has not demonstrated that he has been pursuing his rights diligently or that some extraordinary circumstances stood in his way and prevented timely filing, and thus Petitioner is not entitled to equitable tolling. Petitioner's habeas proceedings were initiated three years, 7 months after the statute of limitations had expired. This Court will recommend that Petitioner's amended habeas petition be denied and dismissed with prejudice.

**CONCLUSION**

Having determined that Petitioner's amended habeas petition is untimely by over three years without excuse, this Court declines to address the alternative affirmative defenses raised by Respondents in their Limited Answer. This Court will recommend the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 4) **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further

review. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

Dated this 23rd day of September, 2021.

*[signature]*

Honorable Michelle H. Burns
United States Magistrate Judge